UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00092-LLK

ROBERT ALAN BURRIS                                                                                    PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. Plaintiff's motion for judgment on the pleadings (i.e., the administrative record) and Defendant's fact and law summary in opposition are at Dockets 16 and 23. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 13.

Because, at worst, Plaintiff's arguments identify a harmless error, the Court will DENY Plaintiff's motion for judgment on the pleadings, AFFIRM the Commissioner's final decision, and DISMISS Plaintiff's complaint.

**Harmless-Error Review**

The principle that judicial review contemplates a deferential review of final agency decisions is deeply-embedded in case-law. See, for example, Shinseki v. Sanders, 556 U.S. 396, 407 (2009) (The harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality"); Heston v. Commissioner, 245 F.3d 528, 535-36 (6th Cir.2001) (Remand to correct an error committed by the ALJ unnecessary where such error was harmless); Fisher v. Secretary, 869 F.2d 1055, 1057 (7th Cir.1989) ("[N]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"); Bennyhill v. Secretary, 1993 WL 361792 (6th Cir.) ("[T]he court will remand the case to the

1

agency for further consideration only if the court is in substantial doubt whether the administrative agency would have made the same ultimate finding with the erroneous finding removed from the picture").

**Any unsupported finding that Plaintiff engaged in substantial gainful activity (SGA) was harmless.**

The regulations promulgated by the Commissioner establish a 5-step sequential evaluation process:

1. If the claimant is doing substantial gainful activity, the claimant is not disabled.

2. If the claimant does not have a severe medically-determinable physical or mental impairment (i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities), the claimant is not disabled.

3. If the claimant has a severe impairment satisfying the medical criteria of an impairment listed in Appendix 1 of the regulations and the 12-month duration requirement, the claimant is disabled.

4. If the claimant's impairment(s) and associated restrictions do not prevent him from doing his past relevant work, the claimant is not disabled.

5. If the claimant can perform other work existing in significant numbers in the national economy, he is not disabled. Otherwise, he is disabled.

Rubbers v. Commissioner, 582 F.3d 647, 652 (6th Cir. 2009) citing 20 C.F.R. § 416.920.

Plaintiff argues that the ALJ's first-step finding that he engaged in substantial gainful activity (SGA) during the time in which he alleges disability was unsupported by substantial evidence.

The ALJ's findings are equivocal as to whether Plaintiff actually engaged in SGA. Regardless, the administrative law judge (ALJ) did not deny Plaintiff's disability claim at Step 1 of the sequential evaluation process.[1]

---

[1] The decision's full Step 1 discussion (upon which the ALJ did not ultimately rely) is as follows: "The claimant testified that he worked in an overstock store since 2012 (hearing testimony). The claimant testified that he worked more than 30 hours per week. The claimant was still working there as of June 2014. He appears to have

Because the ALJ continued the sequential evaluation process beyond Step 1 (where SGA is relevant) and denied Plaintiff's disability claim at the fifth and final step, any error at Step 1 was, at worst, harmless.

**Any unsupported RFC finding was harmless.**

The ALJ found that Plaintiff's depression, anger/personality disorder, and alcohol/drug abuse limit him to no public-contact work and no more than superficial (occasional) contact with supervisors and co-employees. ALJ's decision, administrative record (AR), pp. 23 and 24.

In November 2013, the Commissioner's non-examining program psychologist, Ed Ross, Ph.D., opined, based on the evidence as a whole, that Plaintiff is "limited to simple, routine and repetitive tasks in a work environment free of fast paced production requirements, involving only simple work-related decisions, with few, if any work place changes. He should have only brief, infrequent and superficial contact with others." AR, p. 116. In his written decision, the ALJ characterized Dr. Ross' opinion as limiting Plaintiff to "unskilled work with occasional interacts with others." AR, p. 27. The ALJ accepted Dr. Ross' finding of Plaintiff's need for only occasional interaction with others as a "social limitation [that] takes into account the claimant's past history of anger outbursts (hearing testimony)." Id. The ALJ, however, rejected Dr. Ross' finding that Plaintiff is limited to unskilled work because "the claimant had improved concentration when keeping up with treatment and remaining sober." Id. The ALJ gave Dr. Ross' opinion as a whole "some weight." Id.

Plaintiff argues that the ALJ's rejection of Dr. Ross' finding that he is limited to unskilled work is unsupported by substantial evidence because it is unsupported by any contrary medical opinion. Docket 16-1, p. 16. Plaintiff cites to case-law within this Circuit, including precedent from this Court, to the effect that, because ALJs are unqualified to interpret medical data in functional terms, an ALJ may not

---

made cash or unreported income, which appears to have been SGA (hearing testimony). However, since the income has not been completely verified, the undersigned continues with the entire disability analysis." ALJ's decision, AR, p. 22.

effectively reject every medical opinion in the administrative record regarding what a claimant can still do despite his impairments and then proceed determine the claimant's residual functional capacity (RFC) based solely on non-medical factors and the ALJ's own lay impressions.[2] The Commissioner, on the other hand, cites authorities for the proposition that that an ALJ's determination of a claimant's RFC must be based on a consideration of the medical and non-medical evidence as a whole, with an emphasis on the latter.[3]

There is no bright-line test for determining when a claimant's RFC may properly be determined based solely on non-medical evidence (with no supporting medical opinion). See Brown v. Commissioner, 5:12-CV-145-LLK, 2013 WL 1703885 (W.D.Ky.) quoting Campbell v. Commissioner, 178 F.Supp.2d 123, 134 (D.Conn.2001) (Where there is no "compelling non-medical evidence to the contrary, in the absence of competing medical opinions, then there is not substantial evidence necessary to support the ALJ's [RFC] determination"). In general, the more the impairment and associated symptoms are subjective in nature (as opposed to physical/objective/clinical), the more likely it is that solely non-medical factors are sufficient.

In this case, the Court need not decide on which side of the un-bright line described above this case falls[4] because the jobs identified by the vocational expert (VE) (and relied on by the ALJ in support

---

[2] See Docket 16-1, p. 16 citing Brown v. Commissioner, 5:12-CV-00145-LLK, 2013 WL 1703885189 (W.D.Ky.) ("Having rejected all medical opinions of record pertaining to the Plaintiff's RFC …, the ALJ's RFC … was not supported by substantial evidence").

[3] See Docket 23, pp. 5-6 citing Social Security Ruling (SSR) 96-5p (A medical source statement is only one of several factors that an ALJ considers in determining a claimant's RFC) and Simpson v. Commissioner, 344 Fed.Appx. 181, 194 (6th Cir. 2009) (An ALJ is prohibited only from completely disregarding a medical opinion).

[4] If pressed, the Court would be inclined to err on the side of preserving the ALJ's decision. See Blakley v. Commissioner, 581 F.3d 399, 406 (6th Cir. 2009) (The substantial-evidence standard of review presupposes that there is a "zone of choice" within which the ALJ may go either way without judicial inference).
Near the conclusion of the administrative hearing, the ALJ commented: "I think they've got you at unskilled work. You sound like you're much more intelligent than you tested. … Well you've done nice today. You presented yourself." AR, pp. 78-79.
It is not self-evidence that Dr. Ross, who never saw Plaintiff, was in a better position than the ALJ to assess whether Plaintiff was truly limited to unskilled work.

of his fifth-step denial decision) are, in fact, unskilled.[5] Hence, any error committed by the ALJ in rejecting Dr. Ross' opinion, which the ALJ characterized as limiting Plaintiff to unskilled work, was, at worst, harmless.

**Order**

Plaintiff's motion for judgment on the pleadings (Docket 16) is DENIED, the Commissioner's final decision is AFFIRMED, and Plaintiff's complaint is DISMISSED.

---

[5] The VE testified that all the jobs of small products assembler, laundry sorter, cleaner, and inspector are SVP 1 and SVP 2. AR, pp. 80-81. SVP, or specific vocational preparation, means "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." 20 C.F.R. § 656.3. A rating of SVP 1 means a short demonstration is the amount of training required to learn the job, and a rating of SVP 2 means up to one month of training is required to learn the job. Id. The regulations define unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time ... and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed." 20 C.F.R. § 416.968.

5